IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                              Case No. 4:18-cr-40014

LUVAL COLE, JR.                                                                              DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Compassionate Release. ECF No. 49. The Government has responded. ECF No. 53. The Court finds the matter ripe for consideration.

## BACKGROUND

Defendant was indicted on two-counts of distribution of methamphetamine on June 5, 2018. ECF No. 1. Defendant pled guilty to Count 2 of the indictment on December 19, 2018. ECF No. 24. The initial Pre-Sentence Report ("PSR") issued on February 11, 2019 found Defendant to be a career offender due to four previous controlled substance convictions. ECF No. 25. The final PSR and a subsequent sentencing memorandum filed on behalf of Defendant placed the Court on notice that Defendant had an ongoing renal condition that required dialysis. ECF Nos. 39 and 42. On April 11, 2019, the Court sentenced Defendant to 80 months imprisonment on one count of distribution of more than 5 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). ECF No. 45. The Court's sentence departed significantly downward from the United States Sentencing Guidelines ("USSG") suggested range of 188-235 months because of Defendant's medical issues. ECF No. 46, p. 4.

Defendant filed the pending motion for his release on December 2, 2020. ECF No. 49. Counsel for Defendant subsequently filed a brief in support of the motion. ECF No. 50. Defendant argues that his current medical conditions combined with the ongoing Covid-19 pandemic create

circumstances justifying his release. Specifically, he contends that his renal failure, obesity, and hypertension put him at highly elevated risk should he contract Covid-19 and that it constitutes "extraordinary and compelling" circumstances under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 50, p. 2-3. If released, Defendant states that he plans to stay with his fiancé in Washington, Arkansas and will continue to receive dialysis in Texarkana, Arkansas. ECF No. 49, p. 3.

The Government has responded in opposition to Defendant's motion. ECF No. 53. The Government states that it does not contest a finding that Defendant has shown his medical issues and the pandemic create an "extraordinary and compelling" circumstance that could justify his release. ECF No. 53, p. 5-6. However, the Government contends that Defendant has failed to demonstrate how release is appropriate under the required considerations for sentencing and public safety. The Government argues that Defendant's criminal history and his plans upon release weigh against him when viewed under the required statutory scrutiny. ECF No. 53, p. 6-9.

## DISCUSSION

Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Before analysis of those factors can begin, the Court must determine if Defendant has exhausted all administrative remedies available. 18 U.S.C. § 3582(c)(1)(A).

### A. Exhaustion of Administrative Remedies

The FSA has provided two avenues for a defendant to bring a compassionate release motion to a district court. The defendant may either file a motion once he "has fully exhausted all

administrative rights to appeal a failure of the [Bureau of Prisons] to bring the motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility in which the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant requested a reduction in sentence and the warden of his facility issued a denial on July 8, 2020. ECF No. 49, p. 4. The Government states that it believes Defendant has exhausted his administrative remedies and his motion is ripe for consideration before this Court. ECF No.

53, p. 4, n. 4. Accordingly, the Court finds that Defendant has exhausted his administrative remedies and that it can examine his motion under the statutory criteria for release.

### B. Extraordinary and Compelling Reasons

The Court finds that Defendant has shown circumstances that are extraordinary and compelling.

Pursuant to the FSA, the Court can grant Defendant's request for a sentence reduction "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not defined what constitutes "extraordinary and compelling" reasons, although it did note that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t). Instead, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.*

The relevant policy statement contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." USSG § 1B1.13(1)(A).[1] This policy statement limited "extraordinary and compelling reasons" to only include the following four circumstances:

---

[1] This policy statement predates the FSA and the Sentencing Commission has not since updated it or adopted a new policy statement. This creates an issue because parts of the pre-FSA policy statement do not square neatly with the language of the FSA. *See* U.S.S.G. § 1B1.13 (authorizing compassionate release only on the BOP's motion). Thus, it is unclear whether extraordinary and compelling reasons may be found only from the specific examples listed in the pre-FSA policy statement or if courts can look beyond those examples. Courts have answered that question with mixed results. *See United States v. Brown*, 411 F. Supp. 3d 446, 449-50 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). However, at minimum, the pre-FSA policy statement provides guidance as to what constitutes extraordinary and compelling reasons. *See U.S. v. Schmitt*, 2020 WL 96904, at *3 (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance).

> (A) Medical Condition of the Defendant. –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant contends that his various medical issues combined with his confinement during the Covid-19 pandemic creates circumstances that are extraordinary and compelling under § 3582(c)(1)(A)(i). The Court agrees. Defendant has been diagnosed with renal failure, which puts estimated life expectancy between five to ten years for an individual of his age. ECF No. 42, p. 3; ECF No. 50, p. 3. Defendant also has obesity and hypertension. ECF No. 49, p. 5. Defendant notes that these conditions combined give him five times the likelihood of hospitalization with

Covid-19 over individuals without underlying conditions. ECF No. 50, p. 10. Defendant is currently serving his sentence at FMC Springfield, which had four prisoners die of Covid-19 between October 31, 2020, and the date Defendant filed his brief in support of his motion. ECF No. 50, p. 2. The Government states that it does not contest that these facts create extraordinary and compelling circumstances due to Defendant's medical conditions and the ongoing pandemic. ECF No. 53, p. 5-6. Accordingly, the Court finds that these circumstances are extraordinary and compelling under U.S.S.G. § 1B1.13 cmt. n.1(A)(i)'s focus on terminal medical issues when considered in the context of the pandemic.

### C. § 3553(a) Sentencing Factors

While there are extraordinary and compelling reasons for Defendant's release, the Court finds that an analysis of the 18 U.S.C. § 3553(a) sentencing considerations does not favor Defendant. That statute provides:

> (a) Factors To Be Considered in Imposing a Sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed—
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and
> > >
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> >
> > (3) the kinds of sentences available;
> >
> > (4) the kinds of sentence and the sentencing range established for—

> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Defendant does not address these factors in his motion or brief and the Court does not find that they support his motion. For § 3553(a)(1)'s inquiry into Defendant's history, the Court finds the PSR's determination that Defendant qualified as a career offender due to four felony convictions prior to the one for which he is now serving his sentence most relevant. ECF No. 39, p. 7-14. That extensive criminal record strikes a serious blow to the merits of his motion under the history factor. Also, Defendant has served less than one-third of his eighty-month sentence. ECF No. 54, p. 4. Release after such a small percentage of his sentence has elapsed undermines his motion under § 3553(a)(2)(B)'s consideration of the need for a sentence to serve as a proper deterrence for future crimes. In light of these § 3553(a) factors weighing heavily against Defendant, the Court finds that his motion must fail.

### D. Safety Considerations Under 18 U.S.C. § 3142(g)

The Court also finds that the necessary consideration of public safety prevents the Court from granting Defendant's request for release.

The requirement under 18 U.S.C. § 3582(c)(1)(A) that any reduction be consistent with any applicable policy statements issued by the Sentencing Commission necessitates an evaluation of the 18 U.S.C. § 3142(g) safety factors. *See* USSG § 1B1.13(2). The factors for consideration under § 3142(g) are:

(g) Factors to be considered.-The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning-

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

>(2) the weight of the evidence against the person;

>(3) the history and characteristics of the person, including—

>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Defendant never addresses these factors in his motion and the Court finds that an analysis of them does not support his release. Just as it was required under § 3553(a), the Court must look at Defendant's criminal record to inform itself of any elevated risk Defendant may pose to the public if released. *See* § 3142(g)(3)(A). As noted earlier, Defendant has an extensive criminal history and it weighs heavily against his request for release. Another factor of particular relevance is § 3142(g)(4) and its focus on the potential danger to the community upon Defendant's release.

Defendant states in his motion that he plans to stay with his fiancé in Washington, Arkansas, located in Hempstead County, if released. ECF No. 49, p. 3. As the Government notes in its response in opposition to Defendant's motion, every one of Defendant's prior convictions and his current conviction resulted from conduct within Hempstead county. ECF No. 53, p. 8. Releasing Defendant to the location where he has an extensive record of criminal activity severely undermines his motion under § 3142(g)(4)'s emphasis on risks to community safety. Accordingly, the Court finds that it must deny Defendant's motion pursuant to the statutory considerations of public safety.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's motion (ECF No. 49) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 4th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge