IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                           PLAINTIFF

v.                              Case No. 4:18-cr-40014

LUVAL COLE, JR.                                                                     DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Reduce Sentence. ECF No. 56. The Court finds that no response is necessary and that the matter is ripe for consideration.

## BACKGROUND

On December 19, 2018, Defendant pled guilty to one count of knowingly and intentionally distributing more than five grams of actual methamphetamine, in violation of Title 21 U.S.C. § 841(a)(l) & 841(b)(l)(B)(viii). ECF No. 23; ECF No. 24. On April 12, 2019, the Court sentence Defendant to eighty (80) months imprisonments, four (4) years of supervised release, and a $100 special assessment. ECF No. 45.

On August 23, 2021, Defendant filed the instant *pro se* motion, seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 56. Defendant states that he has a terminal kidney disease that qualifies as an "extraordinary and compelling" circumstance that justifies his release and effectively reducing his sentence to time served. *Id*. at p. 3.

## DISCUSSION

As stated above, Defendant primarily seeks a compassionate release, resulting in a reduction of his sentence to time served. The Court cannot grant this request.

Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and

compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i). The Court must first determine whether Defendant's motion is properly raised.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *See United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general

counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant has failed to show that he has exhausted his administrative remedies. Defendant's inclusion of his warden's denial of his request for release (ECF No. 56, p. 6) shows that Defendant initiated his administrative remedies, but did not exhaust them. Defendant does not allege he sent an appeal to the BOP for his release and does not include any correspondence between the BOP and himself regarding an appeal of his warden's denial. *See* 28 C.F.R. § 571.63(a). Thus, the Court finds that Defendant has not exhausted his administrative remedies that the Court cannot consider his motion for release.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has not shown that he has fully exhausted his administrative remedies before filing the instant motion for a reduction in his sentence and release. Accordingly, Defendant's motion (ECF No. 56) is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of October, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge