IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                        Case No. 4:18-cr-40014

LUVAL COLE, JR.                                                                           DEFENDANT

**ORDER**

  Before the Court is Defendant Luval Cole, Jr.'s Motion for Compassionate Release. ECF No. 58. The Court finds that no response is necessary and that the matter is ripe for consideration.

**BACKGROUND**

  On December 19, 2018, Defendant pled guilty to one count of knowingly and intentionally distributing more than five grams of actual methamphetamine, in violation of Title 21 U.S.C. § 841(a)(l) & 841(b)(l)(B)(viii). ECF Nos. 23 & 24. On April 12, 2019, the Court sentenced Defendant to eighty (80) months imprisonments, four (4) years of supervised release, and a $100 special assessment. ECF No. 45.

  On July 7, 2023, Defendant filed the instant *pro se* motion, seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 58. Defendant states that he has a terminal kidney disease that qualifies as an "extraordinary and compelling" circumstance that justifies his release and effectively reducing his sentence to time served. *Id*. at p. 11-13. Defendant states that he requested compassionate release from his warden and that his request was denied on May 26, 2023. *Id*. at p. 4.

  On August 9, 2023, the Court directed Defendant to provide the Court with any evidence that he has attempted to appeal his warden's decision to Bureau of Prisons ("BOP") officials. ECF No. 62. In that order, the Court noted that the form Defendant filled out for his motion did not

request information regarding any appeals to BOP officials regarding his warden's denial of his request for release. *Id*. Thus, the Court ordered that Defendant provide any such proof that he utilized and exhausted the required appeals process. *Id*. Defendant subsequently provided the Court with a copy of the appeal of his warden's denial that Defendant initiated on August 17, 2023. ECF No. 63. Defendant asserts that he complied with the Court's order to show that he had attempted his administrative remedies and that his motion could now be considered on the merits. *Id*.

## DISCUSSION

As stated above, Defendant primarily seeks a compassionate release resulting from a reduction of his sentence to time served. The Court cannot grant this request.

The Court must first determine whether Defendant's motion is properly raised. Defendant bears the burden of showing that compassionate release is appropriate. *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1 (W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(1)(A)(i).

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully

exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *See United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).  Failure to exhaust the administrative remedies available with the BOP forecloses the consideration of any motion for compassionate release on its merits.  *See U.S. v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50.  In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in.  28 C.F.R. § 571.61(a).  If the warden approves the request, it is sent to the BOP's general counsel for approval.  28 C.F.R. § 571.62(A)(1).  If the general counsel approves the request, it is sent to the BOP's director for a final decision.  28 C.F.R. § 571.62(A)(2).  If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf.  28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days.  18 U.S.C. § 3582(c)(1)(A)(i).  If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program.  28 C.F.R. § 571.63(a).  If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time.  28 C.F.R. § 571.63(b-c).

Defendant has not properly exhausted his administrative remedies. As of the date of this Order, Defendant has only shown that his request for release was denied by his warden and that he appealed that denial. While those actions have initiated Defendant's available administrative remedies, they have not exhausted those remedies. *See* 28 C.F.R. § 571.63. Defendant should have been aware of the steps necessary to exhaust his administrative remedies. Just as it did above, the Court previously outlined the steps necessary for an inmate to exhaust their administrative remedies when the Court denied (ECF No. 57) Defendant's prior request for release (ECF No. 56) because he failed to exhaust his administrative remedies. Without showing that he exhausted his administrative remedies, the Court cannot consider Defendant's request for compassionate release on the merits. *See Raia*, 954 F.3d at 597. Accordingly, Defendant's Motion for Compassionate Release (ECF No. 58) is hereby **DENIED**.

**IT IS SO ORDERED**, this 24th day of October, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge